UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUBREY U. LEWIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> RENO POLICE, et. al., <br><br> Defendants. | Case No. 3:16-cv-00478-MMD-WGC <br><br> ORDER |

Before the court is Plaintiff's application to proceed in forma pauperis (IFP) (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff is being detained in the Washoe County Jail, and his certified account statement indicates that his average monthly balance for the last six months is $23.61, and his average monthly deposits are $ 23.34.

Plaintiff's application to proceed in forma pauperis should be granted; however, Plaintiff is required to pay a partial initial filing fee in the amount of $4.72 (20% of his average monthly balance), and is required to pay the remainder of the filing fee over time pursuant to 28 U.S.C. § 1915.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,

1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action against a John Doe of the Reno Police Department; a John Doe at the Washoe County Jail; a John Doe medical staff at the Washoe County Jail. (ECF No. 1-1 at 1-3.)

Plaintiff alleges that Reno Police arrived, and asked if they could talk to Plaintiff and the woman he was with individually, and they both said no. (ECF No. 1-1 at 3.) No one was hurt and there was no property damage or danger or police services needed. (*Id*.) When Plaintiff stood up to leave, a police officer tased him, and jumped on him breaking his shoulder. (*Id*.) The paramedics were called and he was taken to the hospital and was told he had a broken shoulder and was placed in a sling, and went to county jail.

He claims that the Reno Police violated his constitutional rights under the Fourth Amendment when they illegally seized him without probable cause or a warrant. (*Id*. at 4.) He claims that the John Doe police officer violated his rights when he stopped him from moving freely without a warrant or probable cause. (*Id*. at 5.) He then alleges that the police officer violated his rights when he tased Plaintiff and jumped on him breaking his shoulder. (*Id*.) He then references that on the day he was tased, the John Doe officer allowed a bystander to trip Plaintiff while he was already tased. (*Id*. at 7.) He avers that the officer intended to stop him without probable cause and illegally arrest him in violation of the Fourteenth Amendment's Equal Protection Clause. (*Id*. at 8.)

He contends that John Doe defendants at the Washoe County Jail put him in a holding cell for six to eight hours with no medical care, in reckless disregard of his serious medical needs. (*Id*. at 6-7.) He continued to complaint about pain after he was booked, and asked to be seen on September 25, 2014 and October 15, 2014, and his access to a medical specialist qualified to address his medical needs was delayed. (*Id*. at 7.)

Plaintiff states colorable claims of unlawful seizure, arrest and excessive force under the Fourth Amendment, and a claim under the Fourteenth Amendment related to the denial of medical care. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (citation omitted) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment, provided the arrest was without probable cause or other justification"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard); *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979) (pretrial detainees have a due process right not to be punished); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (the Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs").[1]

While he makes reference to the Fourteenth Amendment's Equal Protection Clause in connection with his claim that he was illegally seized, his claim arises from the Fourth Amendment.

As a general rule, the use of "Doe" pleading to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The court recognizes, however, that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id*. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*; *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (failure to afford a plaintiff the opportunity to identify doe defendants through discovery is error).

Accordingly, Plaintiff should be allowed to conduct limited pre-service discovery in an effort to ascertain the true identity of the defendants. To that end, the City of Reno and Washoe County will be directed to enter a limited appearance in this action for the purpose of responding

---

[1] The Ninth Circuit previously applied the Eighth Amendment deliberate indifference standard to medical care claims brought by pretrial detainees. *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (the Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs"). Recent pronouncements from the Supreme Court and Ninth Circuit call into question whether this is still the case, or whether an objective standard governs medical care claims brought by pretrial detainees. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015); *Castro v. County of Los Angeles*, 2016 WL 4268955 (9th Cir. Aug. 15, 2016) (en banc).

1  to the discovery discussed. Plaintiff will be permitted to serve three interrogatories each on the
2  City of Reno and Washoe County in order to discover the identities of the defendants described
3  in his complaint. If Plaintiff learns the identities of the defendants who allegedly violated his
4  rights, he shall file an amended complaint to add them as named defendants. If Plaintiff is unable
5  to learn the identity of at least one Doe defendant, the action will be dismissed without prejudice.
6  Plaintiff is reminded that he must complete service of the summons and complaint within ninety
7  days of the date of this Order.

### III. CONCLUSION

(1) Plaintiff's application to proceed IFP (ECF No. 1) is **GRANTED;** however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty days of the date of any order adopting and accepting this report and recommendation, Plaintiff should be required to pay an initial partial filing fee of $4.72. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) The Complaint shall proceed on the Fourth and Fourteenth Amendment claims outlined above.

(4) A copy of this Order and the complaint shall be sent to:

    (a) The City of Reno
        Reno City Attorney's Office/Civil Division
        P.O. Box 1900
        Reno, NV 89505

    (b) Washoe County
        Washoe County District Attorney's Office/Civil Division
        1 South Sierra Street, South Tower, 4th Floor
        Reno, NV 89501

(5) Within **THIRTY DAYS** of the date of this Order, the City of Reno and Washoe County shall enter a limited appearance for the purpose of responding to limited discovery designed to identify the doe defendants referenced in Plaintiff's complaint.

(6) Once the City of Reno and Washoe County have entered their limited appearance, Plaintiff is permitted to serve three interrogatories[2] to each of them that are designed to reveal the identity of the doe defendants described in the complaint. Plaintiff has **FIFTEEN DAYS** from the date the City of Reno and Washoe County enter their respective limited appearances to serve them with the interrogatories. The City of Reno and Washoe County shall provide responses within **THIRTY DAYS** of being served with the interrogatories.

(7) Plaintiff shall then have **FIFTEEN DAYS** from the date he is served with interrogatory responses to file an amended complaint that includes them as named defendants, along with a motion requesting service on the defendants by the U.S. Marshal. *See* Fed. R. Civ. P. 4(c)(3). Alternatively, Plaintiff may file (within the fifteen day time period) a motion for an extension of time to conduct this limited discovery, which sets forth good cause for seeking such an extension.

(8) In light of this order granting Plaintiff the right to conduct pre-service discovery, the court will prospectively extend the time Plaintiff has to serve the defendants with a copy of the summons and complaint to 120 days from the date of this Order, instead of the 90 days currently provided by Federal Rule of Civil Procedure 4(m). Plaintiff is advised that if he believes he will need additional time to complete service of the summons and complaint on the defendants (once identified), he shall file a motion seeking an extension of time supported by good cause *prior* to the expiration of the 120 days.

///

///

---

[2] An interrogatory is a question formally put in writing to another that must then be answered. Plaintiff need not file the interrogatories with the court. In this case, the questions should be crafted to discover the identity of the doe defendants referenced in the case. For example, Plaintiff might ask who the Reno Police Department officers were that responded to his location on the date in question, or who the Washoe County Jail staff members were on duty that responded to Plaintiff or were in charge of providing medical care to Plaintiff at the time and date in question.

(9) The court will set this matter for a status conference approximately ninety days from the date of this Order.

**IT IS SO ORDERED**.

DATED: August 23, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE