UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AUBREY U. LEWIS, SR.,<br><br>            Plaintiff,<br><br>      v.<br><br>RENO POLICE DEPARTMENT, et. al.<br><br>            Defendants. | Case No. 3:16-cv-000478-MMD-WGC<br><br>**ORDER** |

## I. BACKGROUND

Plaintiff submitted his application for leave to proceed in forma pauperis (IFP) and pro se complaint on August 11, 2016. (Electronic Case Filing (ECF) Nos. 1, 1-1.) On August 23, 2016, the undersigned issued an order granting the application to proceed IFP (subject to the requirements of the Prison Litigation Reform Act). (ECF No. 3.) The court also screened Plaintiff's complaint, which he brought pursuant to 42 U.S.C. § 1983, against a John Doe Reno Police Department officer, a John Doe Washoe County Detention Facility deputy, and a John Doe medical staff member at the Washoe County Detention Facility. The court concluded Plaintiff stated colorable claims for unlawful seizure, unlawful arrest and excessive force under the Fourth Amendment, as well as a claim under the Fourteenth Amendment for denial of medical care as a pretrial detainee. (*Id*.)

/ / /

/ / /

/ / /

It was further ordered that Plaintiff should be allowed to conduct limited pre-service discovery in an effort to ascertain the identity of the defendants. To that end, the court directed the City of Reno and Washoe County to enter a limited appearance for the purpose of responding to the discovery, which was limited to three interrogatories each to the City and Washoe County. (*Id*.) The City and Washoe County were given thirty days to enter their limited appearance; Plaintiff then had fifteen days to serve the interrogatories; and, the City and Washoe County had thirty days to serve responses. (*Id*.) Plaintiff then had fifteen days to file an amended complaint identifying the named defendants and a motion requesting service by the U.S. Marshal. (*Id*.)

The court prospectively extended the ninety-day deadline for service under Federal Rule of Civil Procedure 4(m) to 120 days in light of the need to conduct pre-service discovery to identify the defendants. (*Id*.) Plaintiff was advised that if he needed additional time to conduct discovery or to effectuate service, he needed to file a motion supported by good cause prior to the expiration of the 120 days. (*Id*.)

The court advised that it would set the matter for a status conference in approximately ninety days; however, the court later discovered that this was not done.

Washoe County entered its notice of limited appearance on September 13, 2016. (ECF No. 5.) The City of Reno entered its notice of limited appearance on September 22, 2016. (ECF No. 6.)

Plaintiff timely served the interrogatories by mail on September 27, 2016. Instead of serving three interrogatories each on the City and Washoe County, Plaintiff appears to have served a single set of seven interrogatories on each. (ECF No. 17.) The first four interrogatories are directed to Washoe County, while interrogatories five through seven are directed to the City of Reno. (*Id*.) Washoe County provided responses to interrogatories one through three on October 17, 2016, identifying the Washoe County Detention Facility employees involved in his booking and property inventory, as well as a list of deputies assigned to intake that day, and identifying the contractor, Armor Correctional Services, that was involved in medically evaluating Plaintiff. (ECF Nos. 12. 12-1; *see also* ECF Nos. 15, 15-1.) The City of Reno

provided responses on November 2, 2016. (ECF No. 16.) The City of Reno only responded to interrogatories one through three, even though those interrogatories were clearly directed to Washoe County. (*Id.*)[1] It objected to having to respond to the interrogatories, and then responded that it did not have responsive information. (*Id.*)

On January 4, 2017, the court set this matter for a case management conference on February 8, 2017. (ECF No. 7.) That order was returned by the Washoe County Detention Facility as undeliverable, indicating Plaintiff was not at the facility. (ECF No. 8.)

On January 17, 2017, the court vacated the case management order, and directed Plaintiff to provide a notice of change of address or face a recommendation of dismissal of his action. (ECF No. 9.)

On January 23, 2017, Washoe Legal Services, who is not representing Plaintiff, but has a program assisting inmates in the Washoe County Detention Facility with civil legal matters, informed the court that Plaintiff was released for a period of time and then was returned to jail for sentencing, and expected to be there through February 16, 2017. (ECF No. 10.) After that time, he provided an alternative address. (*Id.*)

On February 1, 2017, Washoe County filed the discovery responses it had previously provided to Plaintiff in October of 2016. (ECF Nos. 12, 12-1.)

On February 8, 2017, the court set a status conference for February 13, 2017, requesting that Washoe County and the City make a limited appearance. (ECF No. 13.)

The City and Washoe County made a limited appearance at the February 13, 2017 status conference, and Plaintiff appeared by telephone from the Washoe County Detention Facility. (*See* ECF No. 18.) The court discussed the status of the pre-service discovery and Plaintiff's failure to file an amended complaint or motion seeking an extension of time to conduct discovery or effectuate service, took the matter under submission, and issues the instant order on

---

[1] The City took the position at the February 13, 2017 status conference that pursuant to the court's order, it was only required to respond (if at all) to the first three interrogatories.

that topic.

## II. LEGAL STANDARD

At issue here is Plaintiff's failure to timely effectuate service of the summons and complaint. The rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint was filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause." *Lemoge v. United States,* 587 F.3d 1188, 1198 (citation omitted). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id*. (citation omitted).

In *Lemoge*, the Ninth Circuit applied a four-factor equitable test based on *Pioneer Investment Services Company v. Brunswick Associates Limited*, 507 U.S. 380 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) to determine whether excusable neglect has been established. *Lemoge*, 587 F.3d at 1198. The four factors are: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. at 1192 (internal citation and quotation marks omitted). This is not an exhaustive list, and *Lemoge* cautioned that when the court is conducting an analysis of excusable neglect under Rule 4(m), the prejudice to the plaintiff if relief is not granted should also be considered, particularly where dismissal without prejudice for failure to timely serve would effectively operate as a dismissal with prejudice because re-filing would be barred due to the expiration of the statute of limitations. *See id*. at 1192, 1195-96.

## III. DISCUSSION

At the time the court screened Plaintiff's complaint, the undersigned prospectively found Plaintiff demonstrated good cause for extending the ninety-day deadline to serve the summons and complaint in light of the pre-service discovery that needed to be completed in order to identify the defendants. (ECF No. 3.) The court explicitly advised Plaintiff that if he needed more time (either/or to conduct discovery or effectuate service), he needed to file a motion supported with a showing of good cause.

Plaintiff served the discovery (though not exactly in conformity with the court's order) and received responses in the October to November 2016 timeframe. He had fifteen days to either file his amended complaint or a motion seeking an extension of time. He did neither. At the February 13, 2017 status conference, he did reference several personal events including his own hospitalization, the passing of his grandmother, and his girlfriend's miscarriage, as well as his release from the jail as an explanation for his failure to timely take steps to identify and serve the defendants. Plaintiff also represented that he never received Washoe County's discovery responses, but he did receive the City's responses, which were served after Washoe County's. He did not take any steps to contact Washoe County about their responses. While the court is empathetic to Plaintiff's situation, it does not find that Plaintiff has demonstrated good cause given the court's explicit instructions concerning what he needed to do to seek an extension of the deadlines, and his apparent failure to take any steps in this regard since he was served with the discovery responses in October/November of 2016. The question now is whether Plaintiff presents a case of excusable neglect.

### 1. Danger of Prejudice to the Defendants

"Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge,* 587 F.3d at 1196. In other words, "merely being forced to litigate on the merits" does not amount to prejudice. *Id*. (citation and quotation marks omitted).

The defendants were of course not present at the status conference, but their employers (or former employers) did not identify any specific danger of prejudice in the event relief is

granted under Rule 4(m). As will be discussed below, while there has been some delay in identifying and serving the defendants, it is not substantial; therefore, the potential for prejudice in the form of fading memories and lost evidence is slight.

### 2. Length of Delay and Potential Impact on the Proceedings

Here, the complaint was filed on August 23, 2016. (ECF No. 4.) At that time, the court gave Plaintiff an additional thirty days, for a total of 120 days, to serve the summons and complaint. Thus, service should have been completed, or a motion for an extension of time supported by good cause filed, by December 21, 2016.

What the court did not fully appreciate was that the pre-service discovery outlined in the screening order would take up approximately seventy-five of those days, making Plaintiff's amended complaint due around the ninetieth day. Then he would have had thirty days to effectuate service, but this did not take into account the fact that along with the amended complaint, Plaintiff was required to request that service be made by the U.S. Marshal. The court would have had to process that request, send Plaintiff the USM 285 form, allow him time to return it, and then direct the U.S. Marshal to serve the summons and complaint. In sum, while the court does not countenance Plaintiff's failure to take further action in this regard, it appears that the additional thirty days prospectively granted to Plaintiff to effectuate service under Rule 4(m) was not a sufficient timeframe in light of all that needed to be accomplished.

In any event, the court is considering granting relief under Rule 4(m) less than two months after Plaintiff's deadline to serve the summons and complaint. In *Lemoge*, the plaintiff sought an extension of time to complete service *seven months* after the complaint had been dismissed, and the Ninth Circuit found this was not an unreasonable delay under the circumstances. *Lemoge,* 587 F.3d at 1196. In this case, under the circumstances presented, including the need to conduct pre-service discovery to identify the defendants, Plaintiff's pro se and IFP status, his release and return to the jail and personal events impacting his life during this time, the court does not find any delay in completing service to be unreasonable, and this factor weighs in favor of finding excusable neglect.

### 3. Reason for Delay

Here, the court is troubled by the fact that Plaintiff did not take any action to extend the time to conduct pre-service discovery or serve the summons and complaint; however, he did identify various reasons for this including events going on his life, and his release and return to jail. The court also appreciates that Plaintiff is a pro se litigant with no apparent experience in conducting discovery or litigation, and additional is proceeding IFP, and thus has little resources in proceeding with this case. While the court has found this may not have amounted to "good cause" to justify an extension, *Lemoge* stated that excusable negligence or even a "good faith mistake" weighs in favor of finding excusable neglect under this factor. *Lemoge*, 587 F.3d at 1196. Therefore, this factor weighs in favor of finding excusable neglect.

### 4. Whether the Plaintiff Acted in Good Faith

Here, as in *Lemoge*, there is no evidence of anything less than good faith. While Plaintiff may have been negligent and even careless in failing to take action in this regard, there is no showing of deviousness or willfulness. *See Lemoge*, 587 F.3d at 1197. Therefore, this factor weighs in favor of finding excusable neglect.

### 5. Prejudice to the Plaintiff

*Lemoge*, relying on the Advisory Committee Comments to Rule 4, recognized that relief under Rule 4(m) may be appropriate when the "'applicable statute of limitations would bar the re-filed action.'" *Id*. (citing Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)). Specifically, the Ninth Circuit counseled courts that where there has been noncompliance with Rule 4(m); the statute of limitations would bar the Plaintiff from re-filing the action; and, there is either no prejudice or slight prejudice to the opposing party, the court must "consider, and give appropriate weight to, the movants' prejudice if relief is denied." *Lemoge*, 587 F.3d at 1195. The court went on to describe the inability to re-file because of the statute of limitations as the "ultimate" prejudice. *Id*. at 1196.

Here, Plaintiff alleges that the events giving rise to this action took place on August 26, 2014, and October 15, 2014. (ECF No. 4 at 1.) The statute of limitations in this case is two years.

*See Wilson v. Garcia,* 471 U.S. 261, 279-80 (1985) (section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); Nev. Rev. Stat. 11.190(4)(e) (in Nevada, the statute of limitations for personal injury claims, and therefore section 1983 claims brought here, is two years). As such, if this action were dismissed without prejudice under Rule 4(m), Plaintiff would be barred from re-filing by the statute of limitations.

In *Lemoge*, the court found that where the plaintiff had established excusable neglect under the other four factors, and had shown his or her own substantial prejudice because the action would be time-barred for re-filing, it was appropriate to grant the plaintiff relief under Rule 4(m).

Therefore, this additional factor weighs in favor of finding excusable neglect and extending relief under Rule 4(m).

## IV. CONCLUSION

The factors identified by the Ninth Circuit weigh in favor of a finding of excusable neglect; therefore, Plaintiff will be given additional time to serve the summons and complaint.

Plaintiff has until **April 18, 2017**, to identify the defendants[2], and file an amended complaint that names those defendants or a motion to substitute in the true names of the defendants. On or before the sixty days have expired, Plaintiff shall also file a motion requesting service of the summons and complaint by the U.S. Marshal. *See* Fed. R. Civ. P. 4(c)(3). Plaintiff then has an additional forty-five days, up to and including **June 2, 2017**, to complete service of the summons and complaint.

///

---

[2] Plaintiff may take whatever steps are available to him to identify the defendants which may include conferring with the City concerning its discovery responses given that the City did not respond to any interrogatory directed at it; engage in informal discussions with Washoe County and the City of Reno; or, by requesting or subpoenaing his police report (though the court notes the representation made by the City of Reno's counsel at the hearing that Plaintiff need only put in a request for his police report which would be provided to him for free at the Reno Police Department).

The Clerk shall serve this Order on Plaintiff at both of the following addresses:

(1) Aubrey U. Lewis, Sr., BK No. 16-20057, Washoe County Detention Facility, 911 Parr Boulevard, Reno, Nevada 89512; and

(2) Aubrey U. Lewis, Sr., 1061 Baywood Drive, Apt. B, Sparks, NV 89434.

**IT IS SO ORDERED**.

DATED: February 15, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE