1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

AUBREY U. LEWIS, SR.,                                )          3:16-cv-00478-MMD-WGC

9                                                                    )
                Plaintiff,                                       )          **ORDER**

10                                                                  )
                vs.                                               )

11                                                                  )
RENO POLICE DEPARTMENT, et al.,     )

12                                                                  )
                Defendants.                                 )

13 _____)

14          On February 15, 2017, the court issued an order giving Plaintiff until April 18, 2017, to identify

15 the defendants and file an amended complaint naming those defendants or a motion to substitute in the

16 true names of the defendants. (ECF No. 19 at 8.) Plaintiff was given until June 2, 2017, to complete

17 service of the summons and complaint. (*Id*.) On March 13, 2017, Plaintiff filed a motion to substitute

18 in true names of defendants. (ECF No. 20.)

19          The problem is that the operative complaint only names one John Doe Reno Police Department

20 officer, two John  Doe Washoe County Jail employees, and one Jane Doe Washoe County Jail medical

21 staff member (ECF No. 4), while the motion to substitute names *two* John Doe Reno Police Department

22 officers; *two* John Doe and *two* Jane Doe Washoe County Detention Facility booking/administration

23 employees; an additional *twelve* Washoe County Sheriff's Deputies; as well as Dr. Han. (ECF No. 20.)

24 Plaintiff's motion was not accompanied by a proposed amended complaint which sets forth the basis

25 upon which he contends some eighteen different law enforcement officers have violated his civil rights.

26 / / /

27 / / /

28 / / /

1    Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain

2    statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The

3    Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to

4    relief that is plausible on its face." *Bell Atl.  Corp.  v.  Twombly*, 550 U.S. 544, 570 (2007); *see also*

5    *Iqbal*, 556 U.S. at 678.

6    The complaint need not contain detailed factual allegations, but it must contain more than a

7    "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*,

8    556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief above the

9    speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something more...than...a

10   statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting

11   5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

12   The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice

13   of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  (internal

14   quotation marks and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual

15   content that allows the court to draw the reasonable inference that the defendant is liable for the

16   misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer

17   possibility that a defendant has acted unlawfully." *Id*.  (citation omitted). "Determining whether a

18   complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court

19   to draw on its judicial experience and common sense." *Id*.  at 679 (citation omitted).  Allegations can

20   be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

21   Plaintiff has now identified a plethora of defendants in connection with a complaint that does not

22   allege what the majority of these defendants did to violate Plaintiff's rights. Therefore, Plaintiff has up

23   to and including **APRIL 3, 2017** to file an amended complaint which identifies the defendants against

24   whom he wishes to proceed and includes *factual* allegations as to the conduct of *each* of these

defendants. The pleading shall be titled as the "Amended Complaint," and shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court.

If Plaintiff fails to file an amended complaint within the proscribed time period, dismissal will be recommended. Service of the amended complaint will be addressed after the pleading is filed.

**IT IS SO ORDERED.**

DATED: March 14, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3