UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| AUBREY U. LEWIS, SR., | ) | 3:16-cv-00478-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| RENO POLICE DEPARTMENT, *et al.*, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Plaintiff's pro se Amended Complaint. (ECF No. 23.)

### **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se and in forma pauperis (IFP) with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 23; Order granting app. to proceed IFP, ECF No. 3.) The events giving rise to this action, however, involve Plaintiff's arrest and pretrial detention.

Plaintiff filed his original complaint on August 11, 2016. (ECF Nos. 1-1, 4.) On August 23, 2016, the undersigned issued an order granting his IFP application (subject to the requirements of the Prison Litigation Reform Act (PLRA)), and screened the complaint, which was brought against a John Doe Reno Police Department officer, two John Doe Washoe County Jail employees, a Jane Doe medical staff member at the Washoe County Jail., and unspecified Washoe County medical staff members. (ECF No. 3 at 2-3.) The undersigned concluded that Plaintiff stated colorable claims for unlawful seizure and excessive force under the Fourth Amendment, as well as a pretrial detainee claim for denial or delay of medical care under the Fourteenth Amendment. (*Id*.) Plaintiff had named the "Reno Police," "Washoe County Jail," and "County Jail Medical" in the caption of the original complaint, but otherwise listed

only doe defendants. Therefore, the undersigned directed the City of Reno and Washoe County to enter a limited appearance and permitted Plaintiff to conduct limited pre-service discovery in an effort to ascertain the identity of the doe defendants. (*Id*.) At that time, the court prospectively extended the ninety-day deadline for service under Federal Rule of Civil Procedure 4(m) in light of the need to conduct pre-service discovery. (*Id*.)

The court intended to set the matter for a status conference in ninety days, but due to a calendaring error, this did not occur. When that error was discovered, the court set the matter for a case management conference on February 8, 2017. (ECF No. 7.) In the interim, Plaintiff had been released from custody, and the notice of the status conference was returned as undeliverable. (ECF No. 8.) The court vacated the status conference, and directed Plaintiff to provide a notice of change of address. (ECF No. 9.) Washoe Legal Services, who was not representing Plaintiff, but has a program assisting inmates in the Washoe County Detention Facility with legal matters, informed the court on January 23, 2017, that Plaintiff was released for a period of time, but had returned to the jail for sentencing and was expected to be there through February 16, 2017. (ECF No. 10.) After that time, he could be reached at an alternative address. (*Id*.) The court rescheduled the conference for February 13, 2017. (ECF No. 13.)

The City of Reno and Washoe County made limited appearances at the status conference, and Plaintiff appeared via telephone from the Washoe County Detention Facility. (ECF No. 18.) Following the conference, the court issued an order concerning Plaintiff's failure to timely file an amended complaint identifying the doe defendants and to serve the complaint. (ECF No. 19.) The court concluded that Plaintiff presented a case of excusable neglect, and granted Plaintiff until April 18, 2017, to identify the doe defendants and file an amended complaint naming those defendants or a motion to substitute in the true name of the defendants. (*Id*.) He was also given an additional forty-five days, until June 2, 2017, to complete service of the summons and complaint. (*Id*.)

On March 13, 2017, Plaintiff filed a motion to substitute in the true names of the defendants. (ECF No. 20.) As the court described in its March 14, 2017 order, the problem was that the complaint named one John Doe Reno Police Department officer, two John Doe Washoe County Jail employees, and one Jane Doe Washoe County Jail medical staff member, while the motion to substitute named two Reno Police Department officers, two male and two female Washoe County Detention Facility

booking/administration employees, an additional twelve Washoe County Sheriff's Department deputies, as well as Dr. Han. The conduct of all of these individuals was not described in the original complaint, and the motion to substitute was not accompanied by an amended pleading detailing their action. Therefore, the court gave Plaintiff until April 3, 2017 to file an amended complaint which identified each defendant against whom he intended to proceed as well as factual allegations as to the conduct of each of the defendants. (ECF No. 21.)

Plaintiff filed his Amended Complaint on March 28, 2017, which the court will now screen. (ECF No. 23.)

## II. LEGAL STANDARD

When a party is proceeding IFP, "the court shall dismiss the case at any time if the court determines that" "the action or appeal" "is frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In addition, the court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" that is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v.*

3

*Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

**A. The Amended Complaint**

The caption of the Amended Complaint names "Reno Police Department, et. al.," "Washoe County Jail, et. al.," and "Washoe County Medical, et. al." (ECF No. 23 at 1.) The Amended Complaint goes on to identify the defendants as Reno Police Department Officers Pruyn and Della, Washoe County Sheriff's Department employee Kevin Moss, and Dr. Han. (*Id*. at 2.)

Plaintiff alleges that on August 25, 2014, Reno Police were dispatched to his location and officers Pruyn and Della stopped Plaintiff and his girlfriend. The officers asked Plaintiff and his girlfriend if they were okay, and they each responded that they were, and the officers proceeded to ask Plaintiff if they could speak with him. Plaintiff said no. The officers kept watching them, and Plaintiff stood up to leave when Pruyn, without probable cause or a warrant, tried to grab Plaintiff without asserting any directive. Plaintiff tried to leave again, and Pruyn then tased Plaintiff. Pruyn and Della then jumped on him, and Plaintiff yelled that they broke his shoulder. They slammed Plaintiff to the ground, handcuffed him, and pulled him up by his injured shoulder. They called emergency services and Plaintiff was taken to Renown Hospital, where he was placed in a sling.

Plaintiff was subsequently taken to the Washoe County Detention Facility and was placed in a holding cell by Moss for two to three hours with no medical attention, when he was visibly in pain. Plaintiff avers that he continued to complain about his shoulder, but received no medical attention for a period of two to three months from Dr. Han (of Washoe County's Armor Care), when he was finally seen by a specialist and his shoulder was re-broken and six screws and a plate were placed in the shoulder due to the delay.

In Count I, Plaintiff alleges that Pruyn and Della violated his rights under the Fourth Amendment. In Count II, he asserts a claim under the Eighth Amendment related to the lack of medical care. In Count III, he asserts that Pruyn and Della deprived him of life and liberty without due process when they subjected him to unreasonable and illegal seizure without a warrant or probable cause, and violated his right to equal protection.

**B. Count I**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons … against unreasonable … seizures." U.S. Const., amend. IV. In general, a seizure under the Fourth Amendment is "reasonable" only if based on probable cause to believe that the individual has committed a crime. "'A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Velazquez v. City of Long Beach,* 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 918 (9th Cir. 2012)); *see also United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007) ("a warrantless arrest requires probable cause"). In addition, "[e]xcessive use of force in effectuating a seizure violates the Fourth Amendment." *Sandoval v. Las Vegas Metropolitan Police Dept.*, 756 F.3d 1154, 1165 (9th Cir. 2014) (citing *Graham v. O'Connor*, 490 U.S. 386, 388 (1989)).

Plaintiff states colorable claims for unreasonable seizure and excessive force under the Fourth Amendment against Pruyn and Della in Count I.

**C. Count II**

Plaintiff states colorable claims for denial and delay of medical care at the Washoe County Detention Facility against Moss and Dr. Han under the Fourteenth Amendment. *See e.g., Gibson v.*

1  *County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).[1]

**D. Count III**

While Plaintiff mentions due process and equal protection under the Fourteenth Amendment in connection with the unreasonable seizure in Count III, his unreasonable seizure claims arise under the Fourth Amendment. Therefore, the court will construe Count III as being included in the Fourth Amendment unreasonable seizure claims the court found to be cognizable in Count I.

**E. The Municipal Defendants**

Plaintiff lists the City of Reno, Washoe County Jail and Washoe County Medical in the caption of his Amended Complaint, but fails to identify them with the individual defendants in the portion of the form section 1983 complaint that lists out each defendant. Therefore, it is not clear whether Plaintiff intends to proceed against these defendants or not. Even if the court construed the Amended Complaint as including these municipal entities as defendants, Plaintiff asserted no factual allegations so as to state any cognizable claims against them.

A plaintiff seeking to hold municipal defendants liable for constitutional violations under section 1983 cannot do so on a respondeat superior theory (a legal doctrine used to hold an employer responsible for the wrongful acts of its employee when the acts occurred during the scope of employment), but instead must allege that his constitutional rights were violated pursuant to a policy, practice or custom

---

[1] The Fourteenth Amendment governs pretrial detainee medical care claims, but the Ninth Circuit has utilized the Eighth Amendment deliberate indifference standard used for convicted prisoners to evaluate such claims. *See e.g., Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves a determination of whether the pretrial detainee had an objectively, sufficiently serious medical need, and then, whether the defendant subjectively knew of and disregarded an excessive risk to the plaintiff's health. *See id*. In *Kingsley v. Hendrickson*, the Supreme Court held that the standard for determining an excessive force claim brought by a pretrial detainee is objective. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472-73 (2015). The Ninth Circuit recently considered the standard when a pretrial detainee brings a failure to protect claim in *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 831 (Jan. 23, 2017). Relying on the "broad wording of *Kingsley*" that "'a pretrial detainee can prevail by providing only objective evidence that the *challenged governmental action* is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose,'" the Ninth Circuit overruled its prior precedent "to the extent that it identified a single deliberate indifference standard for all § 1983 claims" and held that a pretrial detainee's Fourteenth Amendment failure to protect claim is governed by an objective standard. *Id*. at 1070-71. It did not discuss the applicable standard for a pretrial detainee asserting a denial or delay of medical care claim post-*Kingsley*, but its reliance on the broad language of *Kingsley* suggests that it would now apply an objective standard (described as "more than negligence but less than subjective intent—something akin to reckless disregard") to this type of claim as well. *See id*. at 1071.

of the municipal defendant. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). This requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 831 (Jan. 23, 2017) (internal citation and quotation marks omitted).

As indicated above, it is not clear whether Plaintiff intends to proceed against the municipal defendants, and in any event, the Amended Complaint does not contain allegations implicating them. As a result, they should be dismissed without prejudice. Plaintiff may amend his complaint within the parameters of Federal Rule of Civil Procedure 15 and Local Rule 15-1 if he wants to state a claim against the municipal defendants. Plaintiff is advised that the correct defendants would be the City of Reno and Washoe County, and not the police department or the detention facility because a department of a municipal government cannot sue or be sued. *See Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998). If Plaintiff does amend his complaint to assert claims against the municipal defendants, he must include factual allegations that comply with the dictates of *Monell* and *Castro*, as outlined above, or dismissal will be recommended.

### IV. CONCLUSION

(1) Plaintiff may **PROCEED** with the following claims in the Amended Complaint:

(a) Fourth Amendment unreasonable seizure and excessive force claims against Pruyn and Della in Count I;

(b) Fourteenth Amendment claims for denial and delay of medical care against Moss and Dr. Han in Count II;

(2) The City of Reno, Washoe County Jail, and Washoe County Medical are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend within the parameters of Federal Rule of Civil Procedure 15 and Local Rule 15-1 if he wishes to state a claim against a municipal defendant. If he chooses to amend, he must include a proposed amended pleading (a Second Amended Complaint), which is complete in and of itself without reference to the prior complaint. Any claims, allegations or parties not included in the proposed amended pleading will not be carried forward.

/ / /

/ / /

(3) The Clerk shall **ISSUE** Summonses for Defendants Pruyn, Della, Moss and Dr. Han and send the same to the U.S. Marshal, along with four (4) copies of the Amended Complaint (ECF No. 23). The Clerk shall also send Plaintiff four (4) service of process forms (USM-285). Plaintiff shall then have twenty (20) days to complete the USM-285 forms and return them to the U.S. Marshal to complete service upon the Defendants. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff shall file a notice with the court indicating whether the Defendants were served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court specifying the unserved Defendant(s) and providing a more detailed name and/or address for said Defendant(s), or indicating that some other manner of service should be attempted. Plaintiff is reminded that pursuant to the court's prior order, he must complete service on or before **June 2, 2017**. If Plaintiff requires additional time, he must file a motion requesting an extension supported by good cause *before* the deadline has expired.

(4) Once service is completed, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the Defendants or, if an appearance has been entered on their behalf by an attorney, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or any document that fails to include a certificate of service.

DATED: March 28, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE